**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV11-0346-VAP(DTBx)                              Date: March 16, 2011

Title:   TDR SERVICING, AS TRUSTEE FOR MESA LINDA TRUST #10923 -v- ROGER BUTLER

================================================================

PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                              None Present
    Courtroom Deputy                                 Court Reporter

ATTORNEYS PRESENT FOR           ATTORNEYS PRESENT FOR
PLAINTIFFS:                                   DEFENDANTS:

    None                                                  None

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On January 20, 2011, Plaintiff TDR Servicing, LLC ("Plaintiff"), as trustee for Mesa Linda Trust #10923, filed a complaint for unlawful detainer ("Complaint") against Defendant Roger Butler ("Defendant") in the Superior Court for the County of San Bernardino.  (Doc. No. 1 (Not. of Removal).)  On February 28, 2011, Defendant, proceeding <u>pro se</u>, removed the action to this Court on the basis of federal question jurisdiction.  (<u>See</u> Not. of Removal at 2.)  The Court remands this action <u>sua sponte</u>, finding it lacks subject matter jurisdiction.

MINUTES FORM 11                                 Initials of Deputy Clerk ___md___
CIVIL -- GEN                               Page 1

**EDCV 11-00346 VAP (DTBx)**
**TDR Servicing LLC v. Roger Butler**
**MINUTE ORDER of March 16, 2011**

      Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  See also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

      Defendant has not met his burden of demonstrating the Court's jurisdiction over this action.  Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

      Defendant alleges removal is proper on the basis of federal question jurisdiction because this action "is a civil action involving debt under Federal Question a Loan secured against real property . . ."  (Not. of Removal at 3.)  Aside from mentioning "federal question," Defendant does not describe a federal question that relates to Plaintiff's unlawful detainer claim.  Moreover, from the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Thus, no federal question

EDCV 11-00346 VAP (DTBx)
TDR Servicing LLC v. Roger Butler
MINUTE ORDER of March 16, 2011

is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. Defendant accordingly has not demonstrated the Court may exercise jurisdiction on the basis of federal question, 28 U.S.C. § 1331.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Defendant does not argue the Court has diversity jurisdiction over this action, and the Court finds no basis for diversity jurisdiction because Plaintiff filed this action as a "limited civil case" with damages of no more than $10,000. (See Compl. at 1.) Accordingly, this case cannot meet the statutory amount -in-controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332.

For these reasons, the Court lacks subject matter jurisdiction. As Defendant has not met his burden of establishing that the case is properly in federal court, the Court REMANDS the action to the Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**